## C. CAMPBELL *v.* THE STATE.

ASSAULT WITH INTENT TO MURDER being an offence composed of an assault coupled with the intent to commit murder, the charge of the court should define or explain to the jury what an assault is, as known to the Penal Code.

APPEAL from the District Court of Bastrop. Tried below before the Hon. L. W. MOORE.

The indictment charged the appellant and one Nick Thompson with an assault with intent to murder W. P. Miles. The appellant alone was on trial. Being found guilty as charged in the indictment, his punishment was assessed by the jury at two years in the penitentiary.

*Fowler & Maynard*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.  We think the objection to the charge is well taken.  Assault with intent to murder is a compound offence, to wit: the assault *per se* and the intent of the assault, which is to murder.  There can be no assault with intent to murder unless an assault, as the same is known and defined in our Code, has in fact been committed.  Penal Code, art. 484.  In presenting the law applicable to a case of assault with intent to murder, the court should explain or define to the jury the offence which is the predicate for the one intended — that is, the assault, as well as the law of the one intended to be committed, which is murder.  Our statute declares that " an assault with intent to commit any other offence is constituted by the existence of the facts which bring the offence within the definition of an assault, coupled with an intention to commit such offence, as of maiming, murder, rape, or robbery." Penal Code, art. 506.

In the case at bar, the learned judge, in his charge, announces, to begin with, the proposition that the true criterion of the offence of assault with intent to murder is, Had death resulted, would the offence be murder?  This was eminently correct.  Penal Code, art. 502.  He then proceeds properly to instruct them as to the constituent elements of murder, and concludes the application of the law to the facts as follows: " If you believe the defendant, or any other with whom he acted so as to become a principal, did make such an assault upon W. P. Miles as that, had death resulted, the offence would have been murder, then he is guilty of an

assault with intent to murder.'' But nowhere does he explain what an assault is in law, or so adapt his charge to the facts as to enable or require the jury to find intelligibly that an assault, the prerequisite of the crime laid in the indictment, had in fact been committed. In the charge of the court, in such cases, the assault is not a postulate.

Because the charge of the court did not sufficiently present the law of the case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*